[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13427

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANTHONY PARKS, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 1:19-cr-00033-LAG-TQL-1

_____

Before GRANT, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Anthony Parks, Jr., proceeding *pro se*, appeals the district court's denial of his motions for the appointment of counsel and for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Parks argues that the district court failed to adequately explain its reasoning for the denial and did not address the reasons for compassionate release that he raised. He also asserts that the court erred in denying his motion for the appointment of counsel because of the complexity of the issues involved. We disagree and affirm the district court's order denying compassionate release and the appointment of counsel.

## I.

We review a district court's denial of a prisoner's Section 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings that are clearly erroneous. *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011). This standard recognizes a range of possible conclusions by the district court, and we will not reverse unless we have a definite and firm conviction that the district court committed a clear error of judgment. *United States v. McGregor*, 960 F.3d 1319, 1323 (11th Cir. 2020). But a district court "must explain its sentencing decisions adequately enough to allow for meaningful

appellate review." *United States v. Cook*, 998 F.3d 1180, 1183 (11th Cir. 2021) (quotation marks omitted). When the record does not allow for meaningful review, we vacate the order and remand to the district court. *Id.* at 1182, 1186.

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015). The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222, expressly permits district courts to reduce a previously imposed term of imprisonment. *United States v. Stevens*, 997 F.3d 1307, 1312-13 (11th Cir. 2021).

The First Step Act, in part, amended 18 U.S.C. § 3582(c)(1)(A) to increase the use and transparency of compassionate release of federal prisoners. *See* First Step Act § 603. Under this statute, a "court may not modify a term of imprisonment once it has been imposed" except under explicit circumstances. 18 U.S.C. § 3582(c). In the context of compassionate release, under the statute, a "court, upon . . . motion of the defendant, . . . may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction." *Id.* § 3582(c)(1)(A)(i). Section 3582(c)(1)(A) also requires that any reduction be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Therefore, a district court may reduce a term of imprisonment only if: (1) the 18 U.S.C. § 3553(a) factors favor doing

so; (2) there are extraordinary and compelling reasons for doing so; and (3) the reduction would not endanger any person or the community. *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021).

The Section 3553(a) factors include the nature and circumstances of the defendant's offense, the defendant's history and characteristics, and the need to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(1), (a)(2)(C). The weight given to any specific Section 3553(a) factor is committed to the sound discretion of the district court. *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016). Even so, "[a] district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation marks omitted). Generally, when a district court considers the Section 3553(a) factors, it need not state on the record that it has explicitly considered each of them or discuss each of them. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013).

Here, the district court did not abuse its discretion in denying Parks's motion for compassionate release because it stated that it reviewed the relevant factors and found that the 18 U.S.C. § 3553(a) factors weighed against such a reduction. The court did not need to address each Section 3553(a) factor in light of its statement that it had considered them. Further, as the absence of any one condition forecloses Parks's sentence reduction, the court did

not err in declining to address whether extraordinary and compelling reasons existed for reducing Parks's sentence or if the reduction would harm any person or the community.

## II.

We review a district court's decision not to appoint counsel in Section 3582(c)(2) proceedings for an abuse of discretion. *See United States v. Webb*, 565 F.3d 789, 793-94 (11th Cir. 2009).

We have held that there is no constitutional or statutory right to counsel in Section 3582(c)(2) proceedings. *Id.* at 794-95. But courts still may appoint counsel when equitable concerns make the appointment of counsel appropriate to ensure a just outcome. *Id.* at 795 n.4. In the civil context, we have concluded that the appointment of counsel may be appropriate when the "facts and legal issues . . . are so novel or complex as to require the assistance of a trained practitioner." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (quotation marks omitted). In such cases, the key is whether the *pro se* litigant needs help in presenting the merits of his position to the court. *Id.*

The district court did not abuse its discretion in denying Parks's request for the appointment of counsel, as there is no constitutional or statutory right to counsel during such a proceeding. Further, his motion lacked sufficiently complex factual or legal issues that would warrant the appointment of counsel.

**AFFIRMED.**